JAY K. GOLDBERG [JG-1234]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
NOEL WILKERSON and RONALD JENKINS,
                            Plaintiffs,

               - against -

CITY OF NEW YORK, POLICE OFFICER JOHN IODICE,
SHIELD 17511, POLICE OFFICER JORGE RODRIGUEZ,
SHIELD 13545, POLICE OFFICER SHOUMENDRA NANDY,
SHIELD 12442, POLICE OFFICERS JOHN DOE 1 - 5,
SUPERVISING OFFICER RICHARD ROE,

                            Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

**ECF CASE**



## PARTIES, JURISDICTION and VENUE

1.    Plaintiff, NOEL WILKERSON, is a 34 year old male, who, at all times relevant to this action, was a resident of Bronx, New York.  Mr. WILKERSON is, and at all times relevant to this action was, a New York City Firefighter.

2.    Plaintiff, RONALD JENKINS, is a 33 year old male, who, at all times relevant to this action, was a resident of Bronx, New York.

3.    Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Bronx County.  NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

4.    Upon information and belief, Defendant POLICE OFFICER JOHN

IODICE, SHIELD 17511, was at all relevant times an officer with the NYPD assigned to the Patrol Boro Bronx (PBBX) and is currently assigned to the 40th Precinct. All actions by IODICE complained of herein were taken in the course of his employment and under color of law. IODICE is being sued in both his individual and official capacities.

5. Upon information and belief, Defendant POLICE OFFICER JORGE RODRIGUEZ, SHIELD 13545, was at all relevant times an officer with the NYPD assigned to the PBBX and is currently assigned to the 41st Precinct. All actions by RODRIGUEZ complained of herein were taken in the course of his employment and under color of law. RODRIGUEZ is being sued in both his individual and official capacities.

6. Upon information and belief, Defendant POLICE OFFICER SHOUMENDRA NANDY, SHIELD 12442, was at all relevant times an officer with the NYPD assigned to the PBBX where he is currently assigned. All actions by NANDY complained of herein were taken in the course of his employment and under color of law. NANDY is being sued in both his individual and official capacities

7. Upon information and belief, Defendants POLICE OFFICERS JOHN DOE 1 - 5 (referred to collectively or individually as "DOE"), a fictitious name of unidentified persons, were at all relevant times officers with the NYPD. All actions by the DOE defendants complained of herein were taken in the course of their employment and under color of law. The DOE defendants are being sued in both their individual and official capacities.

8. Upon information and belief, Defendant SUPERVISING OFFICER RICHARD ROE, a fictitious name of an unidentified person, was at all relevant times an

officer with the NYPD. All actions by ROE complained of herein were taken in the course of his employment and under color of law. ROE is being sued in both his individual and official capacities.

9. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

10. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

11. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

12. On October 23, 2013, at approximately 9:30 p.m., Mr. JENKINS was operating his car in the vicinity of 156th Street and Courtland Avenue when he stopped at a traffic light.

13. Also in the car at that time were his cousin, front-seat passenger Mr. WILKERSON and rear-seat passenger, Mr. WILKERSON's 15 year old son, Noel, Jr.

14. At that point, Mr. JENKINS was approached by three uniformed officers, Defendants IODICE, RODRIGUEZ and NANDY, who had been standing nearby; IODICE asked Mr. JENKINS for his license and vehicle registration.

15. Mr. JENKINS was told that he was being stopped because his headlight was not working.

16. Mr. JENKINS was aware that this was not true; his headlight was functioning properly and was on.

17. Nevertheless, Mr. JENKINS provided the documents and was then instructed by either IODICE, RODRIGUEZ or NANDY to pull his car over to the corner.

18. Mr. JENKINS complied with the instructions of the officers.

19. IODICE, along with RODRIGUEZ and NANDY, instructed all three occupants to exit the car.

20. Mr. JENKINS and Mr. WILKERSON questioned IODICE, RODRIGUEZ and NANDY as to why they should be required to exit the car if the basis of the stop was a traffic infraction.

21. Mr. JENKINS and Mr. WILKERSON then heard either RODRIGUEZ or NANDY say "Pull them out of the car."

22. During the course of the verbal exchange, Mr. JENKINS stated that he was "not getting out of the f***ing car." This was the only use of an obscenity by either Plaintiff.

23. After about one hour, a police van and a patrol car arrived at the scene with Defendant ROE and the DOE defendants inside those vehicles.

24. Upon information and belief, ROE instructed the other defendants to remove the occupants from the car and authorized the use of physical force.

25. Mr. JENKINS was physically removed from the car by Defendant IODICE; Mr. WILKERSON and his son exited the car on their own.

26. Mr. JENKINS, Mr. WILKERSON and Noel, Jr. were subjected to an intrusive, non-consensual search by one or more of the defendants. In addition, two of the DOE defendants entered and searched the interior of the car.

27. Despite repeated requests, the Plaintiffs were not told why the defendants or the car were being subjected to a search.

28. Eventually, Mr. JENKINS and Mr. WILKERSON were each given a

summons for Disorderly Conduct, prepared by Defendant IODICE and, upon information and belief, at the instruction of ROE; each summons alleged the use of obscene language. There was no summons given for any traffic or equipment violation.

29. There was no basis for the stop of the car, the removal and search of the occupants, or the search of the car, other than racial profiling and bias.

30. On January 9, 2014, Mr. JENKINS and Mr. WILKERSON appeared in Bronx Criminal Court at which time the charges against each were dismissed for failure to allege any legally cognizable violation of the law.

## FIRST CLAIM
(False Arrest - §1983)

31. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated herein.

32. By arresting Plaintiffs without legal authority, Defendants IODICE, RODRIGUEZ, NANDY, DOE 1 - 5 and ROE, individually and acting together, violated Plaintiffs' rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional right to be free from false arrest.

33. By reason thereof, the Defendants violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## SECOND CLAIM
(Malicious Prosecution - § 1983)

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 33 of the Complaint as if incorporated and reiterated herein.

35. The sole purpose in issuing summonses to Plaintiffs was to cover-up the unlawful conduct in stopping Plaintiffs and conducting a search of their persons and the car.

36. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants IODICE, RODRIGUEZ, NANDY and ROE intentionally engaged in a malicious prosecution of Plaintiffs in violation of Plaintiffs' rights under the Fourth, Fifth and Eighth Amendments to the United States Constitution.

37. By reason thereof, Defendants IODICE, RODRIGUEZ, NANDY and ROE violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## THIRD CLAIM
(Assault - §1983)

38. Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39. Defendants IODICE, RODRIGUEZ, NANDY, ROE and DOE 1- 5, while acting under color of law, committed an intentional, unjustified and unprovoked assault against Plaintiffs by conducting, participating in or authorizing, a physical search of their

persons without legal cause or justification in violation of the Fourth and Eighth Amendments to the United States Constitution.

40. By reason thereof, Defendants IODICE, RODRIGUEZ, NANDY, ROE and DOE 1- 5 violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional distress, mental anguish and the loss of their constitutional rights.

### FOURTH CLAIM
(Assault - §1983 [as to Mr. JENKINS])

41. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 40 of the Complaint as if incorporated and reiterated herein.

42. By the actions described above, Defendants IODICE and ROE, while acting under color of law, committed an intentional, unjustified and unprovoked assault against Plaintiff JENKINS by using physical force, or authorizing and assisting in the use of physical force, to remove him from the car, in violation of the Fourth and Eighth Amendments to the United States Constitution.

43. By reason thereof, Defendants IODICE and ROE, intentionally caused Plaintiff JENKINS to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FIFTH CLAIM
(Unlawful Search of Property - §1983)

44. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 43 of the Complaint as if incorporated and reiterated herein.

45. Defendants IODICE, RODRIGUEZ, NANDY, ROE and DOE 1-5, while acting under color of law, committed an intentional and unjustified search of Plaintiff JENKINS' property by conducting, participating in or authorizing, a search of his car without legal cause or justification in violation of the Fourth Amendment to the United States Constitution.

46. By reason thereof, Defendants IODICE, RODRIGUEZ, NANDY, ROE and DOE 1-5, intentionally caused Plaintiff JENKINS to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SIXTH CLAIM
(Monell Claim)

47. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 46 of the Complaint as if incorporated and reiterated herein.

48. NYC and the NYPD had a duty to competently and sufficiently train and supervise the individual defendants to assure that their conduct conformed to a standard, established by law, for the lawful and constitutional treatment of its citizens.

49. NYC and the NYPD instead tolerated and encouraged its police officers to conduct unauthorized stops and searches of individuals, specifically persons of color. This practice, commonly known as the NYPD "stop and frisk program," was, at the time of this incident, an official policy of the NYPD and heavily promoted and defended by then Police Commissioner Raymond Kelly.

50. The stop and search of the Plaintiffs, both Black males, was based solely on racial profiling and bias.

51. The issuance of a criminal summons to each Plaintiff was based solely on an attempt to cover-up the illegal actions of the individual defendants.

52. The stop, search and unlawful issuance of a criminal summons, were all foreseeable acts resulting from the policies of the stop and frisk program and done in violation of Plaintiffs' constitutional rights.

53. By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional distress, mental anguish and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

- i) On the first claim, actual and punitive damages in an amount to be determined at trial;
- ii) On the second claim, actual and punitive damages in an amount to be determined at trial;
- iii) On the third claim, actual and punitive damages in an amount to be determined at trial;
- iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;
- v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;
- vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial:

vii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

viii) Such other relief as the Court deems just and proper.

Dated: New York, New York
February 3, 2014

                            Goldberg & Allen, LLP
                            Attorneys for Plaintiffs

By: _____
      Jay K. Goldberg [JG-1294]
      49 West 37th Street, 7th Floor
      New York, New York 10018
      (212) 766-3366